**Paul D. GILBERT, Trustee in Bankruptcy, Plaintiff,**

v.

**Wardell DIXON, McCray Powell, Thenie Powell, Hartzler Mortgage Company, Defendants.**

**In the Matter of Wardell DIXON, Debtor.**

**Bankruptcy No. 3–81–01070.
Adv. No. 3–81–0457.**

United States Bankruptcy Court,
S. D. Ohio, W. D.

March 23, 1982.

Paul D. Gilbert, Dayton, Ohio, trustee/plaintiff.

Bobby Joe Cox, Dayton, Ohio, for debtor/defendant.

Charles D. Ross, Dayton, Ohio, for defendants Powell.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

### PRELIMINARY PROCEDURE

This matter is before the Court upon the Trustee's Third Amended Complaint for "... an Order of the Court granting judgment against McCray Powell in the amount of $1,100.00; for an Order of the Court finding and determining that the deed to McCray Powell and Thenie Powell, recorded subsequent to the filing of the Bankruptcy Petition is void and invalid as against the Trustee in Bankruptcy herein; for an order [sic] of the Court finding and determining that the Trustee in Bankruptcy is entitled to any and all rents from said real estate subsequent to the filing of the Bankruptcy Petition and until such time as this bankruptcy proceeding is closed; for an order [sic] of the Court directing that any and all rents pending the determination of this matter shall be paid to the plaintiff [sic] herein, and held subject to further orders of this Court, and for an order [sic] of the Court authorizing and directing the plaintiff [sic], as Trustee in Bankruptcy, to sell the above described real estate subject to the mortgage of Hartzler Mortgage Company and/or free and clear of the mortgage of the said Hartzler Mortgage Company."

The following decision is based upon facts as stipulated by the parties and the record adduced, no briefs having been submitted by the parties.

### FINDINGS OF FACT

The *res* in issue in the case at bar includes rental real property located in Montgomery County, and the rents derived therefrom. The property is known as 125 Niagara Avenue, Dayton, Ohio, and is fully described as follows:

*Parcel Number 1*

Being 120' taken by parallel lines off the South Side of Lot numbered 33039 of the consecutive numbers of lots on the revised plat of the City of Dayton.

*Parcel Number 2*

Situated as above and bounded and described as follows: Beginning at the southwest corner of Lot numbered 33039 in said City and being on the North line of Niagara Avenue, thence westwardly along the North line of Niagara Avenue 30' to the point 4' West of the southeast corner of Lot numbered 33358, thence northwardly parallel with the East line of said Lot numbered 33358 at distance of 120'; thence eastwardly parallel with the North line of Niagara Avenue 20' to the West line of Lot numbered 33039; then southwardly 120' to the place of beginning. NOTE: 16' taken by parallel lines off the east line of this parcel of the land described was formerly a part of a public alley since vacated by Ordinance # 13812 passed by the Dayton City Commission on May 27, 1929.

Debtor and his wife took title to the property on 11 May 1979. Debtor filed his Petition in Bankruptcy on 8 April 1981 listing this property as an asset of his estate, valued at $49,000.00.

The Montgomery County Recorder's Office shows no conveyance of the rental property out of the names of Debtor and his wife from 11 May 1979 through 30 April 1981.

On 3 May 1979 the property had been duly conveyed to Wardell Dixon and Vicki L. Dixon duly entered of record on 11 May 1979 in the office of the Montgomery County Recorder. The grantees executed a mortgage to Hartzler Mortgage Company on the same date securing a promissory note in the amount of $36,600.00, which was duly entered of record.

On 1 May 1981, a quitclaim deed was recorded in the Montgomery County Recorder's Office transferring all of the right, title and interest of Debtor and his wife to Defendants McCray Powell and Thenie Powell, hereinafter the Purchasers. The deed purports to have been executed on 27 October 1980 and was delivered to the mortgagee.

Subsequent to the filing of Debtor's Petition, Defendant McCray Powell collected $1,100.00 of rental income from the subject property. No part of this sum has been turned over to the Trustee.

The purpose of the quitclaim deed is not established by the evidence, nor is there any evidence as to any consideration paid therefor; or the relationship of the parties, if any; or if an antecedent debt was involved. The grantees did not assume the outstanding mortgage. The mortgagee has not been made a party by the parties, and it is assumed that Plaintiff does not dispute the validity of the note and mortgage.

## DECISION AND ORDER

The Pleadings and the evidence do not enable the court to make a definitive conclusion resolving the issues raised by the complaint and responsive pleadings. Further, all necessary parties are not before the court.

■ As to the parties before the court, it would appear that the quitclaim deed is subject to avoidance as to the Debtor's fractional interest, except as to actual value received by him from the grantees, if any. It appears that the complaint asserts a cause of action pursuant to 11 U.S.C. § 544(a)(3) which grants to a trustee the rights and powers of a bona fide purchaser of real property at the time of the commencement of the case, since no evidence was adduced to establish a preference under 11 U.S.C. § 547 or an avoidable transfer under 11 U.S.C. § 548.

It is noted that the defendant grantees base their claim to the subject property upon a deed allegedly executed over five months prior to the commencement of the case, but not recorded until after the Trustee's rights had attached. The deed was validly executed, as alleged, in compliance with state law requirements. O.R.C. § 5301.01.

Both the bona fide purchaser concept and the ideal lienholder ("strong arm") concept is contained in § 544, and the ramifications therefrom must be read *instanter* in the light of the fact that the quitclaim deed had not been recorded; but, also, with the fact that the Debtor listed ownership in the subject real property, under oath, in his schedules, executed on February 16, 1981, and filed with his voluntary petition on April 8, 1981.

■ Under Ohio law, unrecorded deeds are "... fraudulent, so far as relates to a subsequent *bona fide* purchaser having, at the time of the purchase, no knowledge of the existence of such former deed...." O.R.C. § 5301.25(A). The Court finds that the Trustee is vested, under 11 U.S.C. § 544(a)(3), with the status of a *bona fide* purchaser with superior title to unrecorded interests, as provided in O.R.C. § 5301.25. This finding is the logical implication of 11 U.S.C. § 544(a), which was enacted for the very purpose of allowing the Trustee to avoid (i.e. "strong arm") unperfected (i.e. "secret") liens. See 4 Collier on Bankruptcy ¶ 544.01 for a discussion of historical interrelationship of these statutory concepts.

■ Having concluded that the deed to the subject property recorded post filing to McCray Powell and Thenie Powell on 1 May 1981 is void and invalid as against the Trustee, the principal thrust of the complaint is reached.

■ Unfortunately, there is no evidence adduced to demonstrate how or by what authority the wife of the Debtor can or should be divested by Plaintiff of her undivided interest in the property, although the complaint seeks a sale of the entire fee and for a judgment for all of the rents. Certainly, such a result cannot be obtained unless and until she is made a party to the proceedings. Despite the provisions of 11

U.S.C. § 363(b) which contemplates the sale by a trustee of "both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, immediately before the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety. . . .," the Trustee is not empowered to set aside a valid conveyance by the co-owner, who is not subject to bankruptcy court jurisdiction. The right to rents derived from such an interest follow the same rationale. Further, the Debtor's spouse, or co-owner, has the right to purchase any such estate property and must be made a party in the action. 11 U.S.C. § 363(i).

ORDERED, ADJUDGED AND DECREED, that the transfer of title by Debtor and Vicki L. Dixon to McCray Powell and Thenie Powell is avoided as to the undivided one-half interest of Debtor only, together with a proportionate share of the rents paid for the property since the commencement of the case. It is further

ADJUDGED AND DECREED that the Trustee has no right to sell and convey the undivided interest of the wife of Debtor, Vicki L. Dixon, because she was not made a party and is not subject to court jurisdiction.

IT IS FURTHER ORDERED that the Trustee is entitled to direct payment of and all rents from said real estate subsequent to the filing of the Bankruptcy Petition and until further Order of this Court.

IT IS FURTHER ORDERED that McCray Powell and Thenie Powell are granted leave for thirty days to file a Proof of Claim against Debtor's estate for the monetary consideration exchanged for deed to the subject property, if any.